**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000002**
**13-OCT-2017**
**12:03 PM**

NO. CAAP-16-0000002

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LOWELL S. D. KIM,
Plaintiff-Appellant,
v.
HENRY SOON TAI KIM; ALICE H. S. KIM, HEIRS OF LYDIA OK SOON KIM;
KATHERINE SOONIE KIM MINN; MARC K. KOGA TRUST;
ARNEE L. KOGA TRUST; CLIFFORD T. SASANO;
ALISON M. SASANO TRUST; CLIFFORD Y. SASANO TRUST;
JODI-ANN Y. ITO; WAYNE B. KATO TRUST; SACHIKO MURAKAWA TRUST
& SACHIKO MURANAKA, ISHIDA FAMILY TRUST,
Defendants-Appellees,
and
ALL OTHER PERSONS OR CORPORATIONS UNKNOWN CLAIMING ANY RIGHT,
TITLE, ESTATE LIEN OR INTEREST IN THE REAL PROPERTY
DESCRIBED HEREIN, ADVERSE TO PLAINTIFF'S OWNERSHIP AND
TO ALL WHOM IT MAY CONCERN,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0460)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Ginoza and Chan, JJ.)

In this appeal arising from a quiet title action to confirm title by way of adverse possession, Plaintiff-Appellant Lowell S. D. Kim (Lowell), appeals from the November 17, 2015 "Order Granting in Part and Denying in Part Defendants Henry and Alice Kim's Motion for Summary Judgment Filed September 18, 2015" (MSJ Order) and the December 4, 2015 "Final Judgment" (Judgment), entered by the Circuit Court of the First Circuit (circuit

court).[1]  Judgment was entered in favor of Lowell's parents, Defendants-Appellees Henry Soon Tai Kim and Alice H. S. Kim (Henry and Alice).

Henry and Alice have owned the subject property located at 925 9th Avenue, Honolulu, Hawaii, 96816 since 1969.  The parcel of land includes the main house, which is occupied by Henry and Alice, and four rental units, three of which have separate structures.  Based on the declarations of Henry and Alice, in 1982, they agreed to allow their son, Lowell, to occupy one of the units, 925C, at which time Lowell began making monthly payments of $200.00 and later $400.00.  Lowell continued to make monthly payments until his motorcycle accident in 2011, after which Henry and Alice have allowed Lowell to continue to live in unit 925C without payment.  In his deposition, Lowell testified that he started living in the unit in 1986 and made monthly payments of $400.00.

In 1989, Lowell obtained a loan to renovate unit 925C to a two-story dwelling with an additional bedroom.  During this year, Lowell claims that he had mentioned to his father, Henry, that "I will file a claim for the property for the interest of my children."

On March 18, 1999, Henry and Alice executed a document (1999 Document), signed and notarized by both, acknowledging that the structure at 925C, but not the underlying land, was owned by Lowell.

The 1999 Document states:

We, Henry S.T. Kim and Alice Y. Kim are the owners of the real property located at 925 9th Avenue, Honolulu, State of Hawaii (TMK: 1/3-2-018-022).

This parcel is approximately 15,000 square feet in area upon which there are three separate dwelling units.  The units are designated at 925, 925 A & B and 925C 9th Avenue. The dwelling designated as 925C is located at the rear of the parcel and consists of a 30'X44' two story structure. The exterior of the first floor is made of hollow tile with exterior of the second floor made out of wood.  There is a carport and an outside patio to this structure.

The structure at 925C is about ten years old and well maintained.  It was built and financed by our third son

---

[1] The Honorable Edwin C. Nacino presided.

Lowell Sun Duk Kim and we agree that he is the owner now of this structure. We confirm and consider the structure and it's [sic] equity belongs to Lowell but we still own the land upon which the structure rests. We have not conveyed the land to him.

It is our agreement with Lowell that he may transfer the ownership of the building to his two biological children Heather Kanoe Kim and Lyle Ikaika Kim. Lowell or his children may not sell the building to any one [sic] outside the family and without our consent. If it is to be sold, the building must be sold to us at the fair market value.

Lowell testified in his deposition that he received the 1999 Document and understood that the document was giving himself ownership rights to the structure and not the land beneath the structure.

On October 28, 2015, the circuit court orally granted Henry and Alice's motion for summary judgment finding that there was no genuine issue of material fact and that the elements of adverse possession had not been met. On November 17, 2015, the circuit court filed its MSJ Order thereby dismissing with prejudice Lowell's Complaint to Quiet Title and for Partition.

On appeal, Lowell contends that the circuit court erred: (1) when it granted Henry and Alice's motion for summary judgment, concluding that Lowell did not satisfy the elements of adverse possession and (2) when it asserted the Sham Affidavit Rule thereby excluding certain evidence offered by Lowell in opposition to Henry and Alice's motion for summary judgment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Lowell's points of errors as follows, and affirm.

Lowell contends that the circuit court incorrectly concluded that Lowell did not raise a genuine issue of fact regarding the element of "hostile" possession necessary to establish his claim of adverse possession, and therefore erred in granting Henry and Alice's motion for summary judgment.

The party moving for summary judgment bears the burden of proof to show the absence of genuine issues of material fact entitling the moving party to judgment as a matter of law.

Stanford Carr Dev. Corp. v. Unity House Inc., 111 Hawai'i 286, 295-96, 141 P.3d 459, 468-69 (2006). However, "[w]here . . . the moving party is the defendant and does not bear the burden of proof at trial, he may prevail on a motion for summary judgment by demonstrating that the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Thomas v. Kidani, 126 Hawai'i 125, 130, 267 P.3d 1230, 1235 (2011) (citations omitted).

The circuit court held that Lowell failed to show that he could meet his burden of proving the elements required for adverse possession and that Henry and Alice had provided "convincing evidence to the contrary regarding hostility and permissive use." We agree and conclude that Lowell failed to demonstrate that a genuine issue of material fact existed as to the element of hostile possession and therefore, his claim for adverse possession fails.

"It is well established that one claiming title to real property by adverse possession must bear the burden of proving by clear and positive proof each element of actual, open, notorious, hostile, continuous and exclusive possession for the statutory period." Mauna Kea Agribusiness Co., Inc. v. Nauka, 105 Hawai'i 252, 255, 96 P.3d 581, 584 (2004) (quoting Morinoue v. Roy, 86 Hawai'i 76, 81, 947 P.2d 944, 949 (1997) (brackets omitted). "The element of hostility is satisfied by showing possession for oneself under a claim of right[,]" and "[s]uch possession must import a denial of the owner's title."

> It is, of course of the essence of adverse possession that it should be hostile and that the circumstances of the holding be such as to give the true owner notice, at least if he paid attention to his rights, that the possession is under claim as owner, and if the possessor so conducts himself towards the true owner as to lead him to believe that the possession is in subordination to his title, the elements of hostility and openness are lacking and the possession is not adverse.

Smith v. Hamakua Mill Co., 15 Haw. 648, 656 (Haw. Terr. 1904).

For the duration of Lowell's occupation in unit 925C, Lowell did not conduct himself in a manner that led or should have led Henry and Alice to believe that he was asserting an

ownership interest in the land.

Lowell testified that he originally moved into unit 925C because his parents wanted him to live there and that he was never forced to move into the unit. Further, Henry and Alice testified that "they have at all time let Lowell know that he was living in 925C with [their] consent and approval." "Possession once shown to have been at its inception permissive or in subordination to the true owner's title, is presumed, in the absence of any showing to the contrary, to continue of the same character, — in other words, the burden is on the possessor to show that it thereafter became hostile." Hamakua Mill Co., 15 Haw. at 657. The record is devoid of any evidence that would reasonably indicate to Henry and Alice that Lowell's occupation was hostile rather than permissive.

Additionally, Henry and Alice attest that "Lowell . . . has rented one of the units located on the Parcel since 1982 and has paid rent . . . each month since that time up and until he was injured in a serious motorcycle accident which occurred in July 2011." Henry and Alice both attest that after Lowell's accident in 2011, they agreed and consented to allow Lowell to temporarily stop paying rent until he was able to regain employment. Lowell testified that the monthly payments were for property taxes and not rent, and argues that this somehow defeats permissive use. However, there is no dispute that Lowell was making monthly payments to his parents from 1982 until 2011 and regardless of whether his payments were for property taxes or for rent, Lowell's undisputed actions, even taken in the light most favorable to him, show that his possession of unit 925C was in subordination to the title held by his parents.

The 1999 Document executed by Henry and Alice only acknowledged Lowell's ownership of the structure, but not the underlying land, which Henry and Alice stated they still owned. Although Lowell maintains he did not agree with the 1999 Document, after receiving the document, he did not send his parents anything in writing objecting to it and could not recall whether he ever told his parents orally that he did not agree

with the document.

Furthermore, Lowell has been divorced twice, in 1995 and 2012, both occurring after the renovation work performed on unit 925C in 1989. As part of the 1995 and 2012 divorce proceedings, Lowell submitted a signed Asset and Debt Statement both of which attested that Lowell declared under penalty of perjury that he had no real property, no major assets, and no property held in trust for or by third persons. These court documents including both divorce decrees further establish that Lowell was not asserting an ownership interest in the subject property.

Even considering the declaration Lowell submitted in opposition to Henry and Alice's motion for summary judgment, the record establishes that there is no genuine issue of material fact that Lowell cannot meet his burden of proof required for adverse possession. We conclude that Lowell's occupancy of unit 925C was not hostile and therefore his claim for adverse possession fails. Because we conclude that summary judgment was appropriate with the consideration of Lowell's declaration, we need not address whether the circuit court erred in applying the Sham Affidavit Rule.

For the foregoing reasons, we affirm the circuit court's Order Granting in Part and Denying in Part Defendants Henry and Alice Kim's Motion for Summary Judgment Filed September 18, 2015 and Final Judgment filed on December 4, 2015.

DATED: Honolulu, Hawai'i, October 13, 2017.

On the briefs:

Keoni K. Agard,
(Agard Law LLC),
for Plaintiff-Appellant.

Bert T. Kobayashi, Jr.,
Jonathan S. Moore,
Charles D. Hunter,
Caycie K. Gusman,
(Kobayashi, Sugita & Goda LLP),
for Defendants-Appellees.

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

6